IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

**FILED**

2:19 pm, 7/16/26

**Margaret Botkins
Clerk of Court**

JOSE G. ZAMORA,

       Petitioner,

  VS.

SWEETWATER COUNTY SHERIFF, *in his official capacity*, also known as, John Grossnickle,

SWEETWATER COUNTY SHERIFF'S OFFICE,

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT DENVER FIELD OFFICE DIRECTOR, *in his official capacity*, also known as, Robert Hagen,

UNITED STATES CUSTOMES AND IMMIGRATION ENFORCEMENT ACTING DIRECTOR, *in his official capacity*, also known as, Todd Lyons,

UNITED STATES IMMIGRATIONS AND CUSTOMS ENFORCEMENT,

UNITED STATES DEPARTMENT OF HOMELAND SECURITY SECRETARY, *in his official capacity*, also known as, Mark Wayne Mullin

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

UNITED STATES ATTORNEY GENERAL, *in their official capacity*,

Case No.  26-CV-00122-ABJ

Respondents.

## ORDER DENYING MOTION FOR ATTORNEY FEES AND COSTS

This matter is before the Court on a motion for attorney's fees and costs filed by Petitioner, Jose G. Zamora. [ECF 15] The Court, having considered Mr. Zamora's motion concludes the motion must be **DENIED**.

### *BACKGROUND*

Mr. Zamora is a native and citizen of Mexico. [ECF 1 p. 2; ECF 6 p. 2] He came to the United States in 1989 and has lived here continuously since that time. [ECF 1 p. 2] Mr. Zamora moved to Rock Springs, Wyoming in 2008 where he owns and operates a concrete business. [ECF 1 p. 2] On March 27, 2026, a Sweetwater County deputy sheriff stopped Mr. Zamora for driving with a cracked windshield while he was driving home from work. [ECF 1 p. 2] Mr. Zamora carried a driving privilege card from Utah, and a Mexican passport that he presented to the deputy. [ECF 8 ex. 1 p. 3] The deputy detained Mr. Zamora for immigration violations. [ECF 1 p. 2]

Mr. Zamora then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF 1] The Court entered an Order to Show Cause, requiring the Government to respond and show cause why the petition should not be granted. [ECF 5] The federal and state respondents filed their responses, and the Court granted Mr. Zamora's petition and issued him a writ of habeas corpus. [ECF 11 & 12] In his petition, Mr. Zamora requested attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA). [ECF 1 p. 24] In the Court's order granting Mr. Zamora's petition it ordered him to "submit an application

2

for fees and include his argument for why they are warranted under the EAJA, to which the Government may respond." [ECF 11 p. 16] Mr. Zamora filed his motion and the Government responded in opposition. [ECF 15 & 16] Mr. Zamora did not file a reply.

## *DISCUSSION*

Mr. Zamora requests attorney fees and costs under the Equal Access to Justice Act. [ECF 15] The Government responded and opposed his motion. [ECF 16] It argues the Court should deny his request for attorney fees and costs for three reasons. First, it contends its position was substantially justified. [ECF 16 pp. 3-4] Second, the Government argues Mr. Zamora's motion requests attorney fees and costs for ancillary immigration proceedings. [ECF 16 p. 5] It suggests Mr. Zamora must request costs and fees under the EAJA for the ancillary proceeding through a separate action. [ECF 16 p. 5] Third, the Government argues the amount requested by Mr. Zamora is unreasonable and asks the Court to reduce the amount if it is inclined to grant the petitioner's motion. [ECF 16 pp. 6-7]

When Congress enacted the EAJA, it waived sovereign immunity for certain types of fees in civil actions unless "the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412. The Tenth Circuit determined "the EAJA's broad language [] unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). The EAJA requires:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows

> that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. *The party shall also allege that the position of the United States was not substantially justified.* Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B) (emphasis added).

In its order, the Court noted that Respondents had done little to defend their position and had recognized that Mr. Zamora's case was materially indistinguishable from previous cases in this district finding the petitioner was detained under § 1226(a). It then ordered Mr. Zamora to submit an application for fees which included his argument for why they were warranted under the EAJA. Mr. Zamora's application included only his list of fees and costs. He did not assert that the Government's position was not substantially justified or present argument to support the assertion. Mr. Zamora followed neither the Court's order, nor the statute. As the prevailing and moving party, it was Mr. Zamora's responsibility to demonstrate that the Government's position was not substantially justified. He did not do so. Accordingly, he is not entitled to an award of fees under the Equal Access to Justice Act.

4

## *CONCLUSION*

**NOW, THEREFORE, IT IS ORDERED** Mr. Zamora's Motion for Attorney Fees

and Costs [ECF 15] is **DENIED.**

Dated this _16_<sup>th</sup> day of July, 2026.

Alan B. Johnson
United States District Judge